IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ALPHONSE DIXON, and others     )     CIVIL 17-00368 LEK-KJM
similarly situated,            )
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
MATSON NAVIGATION COMPANY,     )
INC.,                          )
                               )
          Defendant.           )
_____)

**ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

          Before the Court is Defendant Matson Navigation

Company, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Class

Action Complaint ("Motion"), filed on October 23, 2017.  [Dkt.

no. 9.]  Plaintiff Alphonse Dixon ("Plaintiff") filed his

memorandum in opposition on October 25, 2017, and Defendant filed

its reply on January 12, 2018.  [Dkt. nos. 14, 20.]  This matter

came on for hearing on January 29, 2018.  Defendant's Motion is

hereby granted for the reasons set forth below.

**BACKGROUND**

          This putative class action arises under admiralty law.

Plaintiff alleges he has "suffered illness or injury in the

service of Defendant's vessel(s) on high seas voyages wherefore

unearned wages were payable," and proceeds to assert two claims.

[Class Action Complaint under Rule 9(h) ("Complaint"), filed

7/28/17 (dkt. no. 1), at ¶ 3.]  First, Plaintiff claims Defendant

wrongfully calculated the amount of unearned wages owed "in

breach of its general maritime law obligations."  [Id.]

Specifically, Plaintiff alleges Defendant failed to include in

his unearned wages the amount of overtime wages, which he would

have earned, had he not been prevented from working by his

illness or injury ("Count I").  [Id. at ¶¶ 3-4.]  Second,

Plaintiff alleges Defendant improperly determined the duration of

its obligation to pay him unearned wages ("Count II").  [Id. at

¶ 3.]  Specifically, Plaintiff alleges that, because he has

dependents, he was "entitled to unearned wages until [his]

sickness or incapacity was declared to be of a permanent

character, per the Shipowners' Liability Convention."[1]  [Id. at

¶ 4.]

        In the instant Motion, Defendant seeks dismissal of

Count II.  Defendant argues shipowners are only obliged to pay

unearned wages until the end of the voyage.

## DISCUSSION

        Under the maritime law, unearned wages is a component

of an injured seaman's claim for maintenance and cure.  See

---

    [1] The Shipowners' Liability Convention of 1936
("Convention"), 54 Stat. 1693, was "made effective for the United
States on October 29, 1939."  Vella v. Ford Motor Co., 421 U.S.
1, 5 (1975) (citing Farrell v. United States, 336 U.S. 511, 517,
69 S. Ct. 707, 710 (1949)).  The Convention is also available at
1939 WL 39333.

Barnes v. Sea Hawaii Rafting, LLC, 983 F. Supp. 2d 1208, 1212 (D.

Hawai`i 2013). This district court has stated:

> When a seaman is injured in the service of
> his vessel, the shipowner has an obligation to pay
> maintenance (room and board), cure (medical
> expenses), and unearned wages. Vaughan v.
> Atkinson, 369 U.S. 527, 531-33, 82 S. Ct. 997, 8
> L. Ed. 2d 88 (1962); Lipscomb v. Foss Maritime
> Co., 83 F.3d 1106, 1109 (9th Cir. 1996). The
> entitlement to maintenance and cure continues
> until the seaman reaches "maximum cure" — a
> recovery as complete as the injury allows.
> Permanente S.S. Corp. v. Martinez, 369 F.2d 297,
> 298-99 (9th Cir. 1966) (stating that the
> obligation to furnish maintenance and cure
> "continues until the seaman achieves maximum
> recovery; that is, until the seaman is well or his
> condition is found to be incurable."); see also
> Berg v. Fourth Shipmor Assocs., 82 F.3d 307, 309
> (9th Cir. 1996) (same). When a seaman is injured
> in the service of a vessel, the employer must pay
> maintenance and cure even where the employer is
> not at fault. Aquilar v. Standard Oil Co. of
> N.J., 318 U.S. 724, 730, 63 S. Ct. 930, 87 L. Ed.
> 1107 (1943); Crooks v. United States, 459 F.2d
> 631, 632 (9th Cir. 1972).

Id.

Plaintiff argues the duration of Defendant's obligation

to pay him unearned wages is controlled by Article 5 of the

Convention, which states in relevant part:

> Where the sickness or injury results in incapacity
> for work the shipowner shall be liable-
>
>> (a)  to pay full wages as long as the sick or
>> injured person remains on board;
>>
>> (b)  if the sick or injured person has
>> dependants, to pay wages in whole or in part
>> as prescribed by national laws or regulations
>> from the time when he is landed until he has

> been cured or the sickness or incapacity has
> been declared of a permanent character.

Convention, Art. 5(1), 1939 WL 39333, at *2.

The Convention is not an independent source of authority apart from judicial decisions stating the general maritime law. See Warren v. United States, 340 U.S. 523, 526-27 (1951). The United States Supreme Court interprets the Convention as merely declarative of judicial statements of the general maritime law. Through the phrase "'national laws or regulations,'" the Convention "includes the rules of court decisions." Id. The Convention's "aim . . . was not to change materially American standards but to equalize operating costs by raising the standards of member nations to the American level." Id. at 527 (footnote omitted). The "maritime law had developed through the centuries in judicial decisions[, and the Convention did not] reject that body of law and start anew with a complete code." Id.

In Vella, the Supreme Court held a shipowners' obligation to provide "cure," *i.e.* the medical care component of maintenance and cure, extends until the injured seaman reaches maximum medical improvement. 421 U.S. at 3-4. The Supreme Court acknowledged its holding "track[ed]" the Convention's statement regarding the duration of cure, and clarified that the Convention's text was not a source of legal authority, but merely acted to "buttress[ its] conclusion." See id. at 5 (reaffirming

4

that the Convention did not "'change materially American standards'" (quoting <u>Warren v. United States</u>, 340 U.S. 523, 527, 71 S. Ct. 432, 435, 95 L. Ed. 503 (1951))). The Supreme Court determined the duration of a shipowner's obligation to pay the "cure" component of maintenance and cure by looking to precedential judicial opinions and the common law reasoning process. <u>See</u> <u>id.</u> at 3-4.

To determine the duration of a shipowner's obligation to pay the unearned wages component of maintenance and cure, this Court looks to precedential judicial opinions and the common law reasoning process. <u>See</u> <u>id.</u> In the Ninth Circuit, a shipowner is "obliged to pay the seaman's medical expenses until he reaches maximum recovery, or 'cure,'" but is only obligated to "pay unearned wages for a limited period." <u>Berg</u>, 82 F.3d at 309. The duration of that limited period is determined by looking at the parties' employment contract. <u>Id.</u> at 310. In <u>Berg</u>, the Ninth Circuit allowed for the possibility that a seaman's employment contract could cause unearned wages to be owed for a fixed time period, rather than for the duration of the ship's voyage. <u>Id.</u> The Ninth Circuit affirmed the grant of summary judgment to the defendant because the plaintiff failed to "support his interpretation of the parties' agreement." <u>Id.</u> at 312.

Plaintiff has made no reference to the parties' employment contract. Plaintiff relies solely on the Convention

as authority for his alleged entitlement to relief.  Because the Convention was not enacted to "'change materially American standards,'" Count II is premised on a legal theory contrary to controlling authority.  See Vella, 421 U.S. at 5 (quoting Warren v. United States, 340 U.S. 523, 527, 71 S. Ct. 432, 435, 95 L. Ed. 503 (1951)).  Count II therefore "fail[s] to state a claim upon which relief can be granted," and must be dismissed.  See Fed. R. Civ. P. 12(b)(6).  The dismissal must be with prejudice because it is clear that any amendment would be futile.  See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation and internal quotation marks omitted)).

## CONCLUSION

On the basis of the foregoing, Defendant Matson Navigation Company, Inc.'s Motion to Dismiss Plaintiff's Class Action Complaint, filed on October 23, 2017 is HEREBY GRANTED, and Count II of Plaintiff's Class Action Complaint under Rule 9(h), filed July 28, 2017, is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 11, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ALPHONSE DIXON VS. MATSON NAVIGATION COMPANY INC.; CIVIL 17-00368 LEK-KJM; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**